LEROY O. GREENE *vs.* DANIEL E. DWYER and another, Intervenor.

33　403
64　63
33　403
f67　189

May 25, 1885.

**Appeals—Service of Additional Points by Appellant.**—An appellant has no right, after the time for serving his points has passed, to add to those served, unless by consent of the other party, or by leave previously obtained from the court or a judge thereof.

**Adverse Claims—Possession—Evidence.**—To justify an action under the statute to determine adverse claims to real estate, on the ground of plaintiff's possession, the possession must be *actual;* merely tearing down part of a fence and walking across the land does not establish sufficient possession.

Action to determine adverse claims to real estate, brought in the district court for Freeborn county. The complaint alleged that plaintiff was the owner and in possession of the land in question. The answer of the defendant, Daniel E. Dwyer, was a general denial. After issue joined, the intervenor, Edmund Dwyer, was by the order of the court made a party to the action, and filed an answer to the complaint, setting up title under conveyance from the defendant, possession by the defendant for two years, payment of taxes and making of improvements.

The action was tried before *Farmer,* J., without a jury. On the trial the intervenor introduced in evidence, to sustain his title, a tax deed to one W. W. Johnson and mesne conveyances to himself. The action was dismissed by the court, upon the ground that the plaintiff was not in possession. Plaintiff appeals from an order refusing a new trial.

The printed brief of appellant raises and discusses, as the sole question before the court, the correctness of the decision of the trial court in finding that plaintiff was not in possession. Subsequently the appellant made the additional point that defendants, having denied plaintiff's title and pleaded title in themselves and claimed affirmative relief, waived the objection that plaintiff was not in possession, citing *Hooper* v. *Henry,* 31 Minn. 264.

*J. H. Parker,* for appellant.

*Whytock & Todd*, for respondent.

GILFILLAN, C. J.[1] The "points" which rule 11 of this court requires that the appellant or plaintiff in error shall deliver to the adverse party are to be taken as his assignment of errors, *i. e.*, as a statement of the points wherein it is claimed that the court below erred in the order or judgment brought here for review, and this court will not ordinarily consider any other, unless, perhaps, the question of jurisdiction over the subject-matter is presented by the record. All claims of error not specified in the points are to be deemed waived. If the appellant have omitted from his points any specification of error which he wishes to make, and the time given by the rule to serve his points has passed, he cannot add new points, unless by consent of the other party, or by leave previously obtained from this court or a judge thereof. The appellant having attempted to add a new point without such consent or leave, the point is disregarded.

The court below was right in deciding that plaintiff had not shown such a possession as entitles him to bring an action under the statute, and, as he based his right to bring that kind of action solely on possession, his action was properly dismissed. Under the statute, unless the land be vacant, the plaintiff must have *actual* possession at the time of bringing the action. *Wilder* v. *City of St. Paul*, 12 Minn. 116, (192.) Constructive possession is not enough. The land appears to have been in possession of defendant, so far as in its then situation it was practicable to be in possession; that is, he fenced it, kept the fence in repair, and during the summer months pastured his cattle upon it; (there was no house on it.) The only act of possession by plaintiff was, after a deed of the land was made to him, to break down part of the fence and then walk across the land. These acts were of too casual, fugitive, and temporary a character to constitute possession after he had committed them.

Order affirmed.

[1] Berry, J., was absent and took no part in this case.