ALBERT E. ENGESETHER v. GREAT NORTHERN RAILWAY COM-
PANY.[1]

June 19, 1896.

Nos. 9872—(149).

### Live Stock—Connecting Carrier—Notice of Claim of Damages.

Defendant contracted with plaintiff to transport live stock to a point be-
yond the line of its road, it having to deliver it to another and connecting
road for transportation to its destination. The contract contained a pro-
vision that, as a condition precedent to his right to recover any damage for
any loss or injury to said stock, plaintiff should give notice in writing of
his claim therefor to some officer of the defendant company, or its nearest
station agent, before the stock is removed from the place of its destination
or delivery, and before it is mingled with other stock. It did not appear
that the defendant had any officer or agent at the place of destination or
delivery. *Held* that, under the circumstances, this condition was unreasona-
ble and void.

Appeal by defendant from an order of the district court for Polk
county, Ives, J., denying a motion for a new trial, after a verdict in
favor of plaintiff for $130. Affirmed.

*C. Wellington, A. C. Wilkinson* and *W. R. Begg,* for appellant.
*H. Steenerson,* for respondent.

MITCHELL, J. Plaintiff's several causes of action all fall under
two general heads: First, the failure of defendant on two occasions
to furnish him, at the times agreed, cars in which to ship cattle from
McIntosh to South St. Paul; second, unreasonable and negligent
delay, on both occasions, in the transportation of the cattle after they
were shipped. The defendant, by its answer, denied all the allega-
tions of the complaint except the receipt of the cattle from plaintiff
for shipment as alleged, and, as a further defense, set up the provi-
sions of the written contract (Exhibit A) under which the cattle were
shipped, as releasing or exempting it from all liability on account of
the matters alleged in the complaint. Irrespective of the provisions
of this contract, the evidence upon both classes of causes of action
made a case for the jury.

[1] Reported in 68 N. W. 4.

The only exceptions taken by defendant upon which it can question the sufficiency of the evidence to support the verdict are to the refusals of the court to dismiss the action when plaintiff rested, and to direct a verdict for the defendant when the evidence closed. Hence, if there was evidence upon which the jury might have found for the plaintiff in any sum upon any of his causes of action, the refusals of the court were correct. Inasmuch as there was ample evidence that the delay in the transportation of, at least, one of the shipments of cattle was caused by the negligence of the defendant, and inasmuch as the stipulation in the contract attempting to limit the liability of the defendant in such cases to the willful negligence of its agents was void, as being against public policy, it follows that the jury would have been justified in finding a verdict for plaintiff in some amount, unless the defendant was relieved of all liability by reason of the failure of the plaintiff to comply with the following provision of the contract:

"For the consideration before mentioned [defendant's carrying the cattle in car loads at tariff rate per car load], said party of the second part [plaintiff] further agrees that, as a condition precedent to his right to recover any damage for any loss or injury to said stock, he will give notice in writing of his claim therefor to some officer of said party of the first part [defendant], or its nearest station agent, before said stock is removed from the place of destination above mentioned, or from the place of delivery of the same to the said party of the second part, and before such stock is mingled with other stock."

Hence the reasonableness and validity of this condition as applied to the facts is the only question in the case.

We do not find it necessary to consider whether stipulations on part of the carrier for notice of loss within a specified time may not, under certain circumstances, be reasonable and valid, if not forbidden by statute, or the further question whether such stipulations constitute such a limitation of the carrier's liability as is forbidden by G. S. 1894, § 381. In the present case the freight was live stock being shipped to the market, and which had to be speedily disposed of after it reached its destination, and was liable to deteriorate in flesh and weight by remaining in the stock yards, to say nothing of the expense of feeding. The place of delivery was beyond the line of defendant's road, and it does not appear that it had any agent or officer there, and there is no presumption that it had any. It appears from

the evidence that, while defendant's contract with plaintiff was to transport the cattle through to South St. Paul, yet it did not own or operate a road to that place; but, when the cattle arrived at Como station, it delivered them over to another road, which carried them to their destination. Aside from the very indefinite and uncertain terms of this provision, we think that to require plaintiff, under the circumstances, as a condition of his right to recover damages, to keep his stock until he could prepare a written notice, and then go or send and hunt up an officer of the defendant company upon whom to serve it, was unreasonable and void. In this case it is true that it was only 10 miles from the point where defendant turned over the stock to the other road, to the place of its destination; but the principle is the same as if it had been 50 or 100 miles. See Missouri Pac. R. Co. v. Harris, 67 Tex. 166, 2 S. W. 574; Smitha v. Louisville & N. R. Co., 86 Tenn. 198, 6 S. W. 209.

Order affirmed.