ALBERT E. CARPENTER v. EASTERN RAILWAY COMPANY OF MIN-
NESOTA.[1]

January 14, 1897.

Nos. 10,275—(189).

**Assignments of Error—Amendment.**

An appellant has no right to amend his assignments of error after the
time for serving them has passed, except by consent of the respondent
or by leave of court. Greene v. Dwyer, 33 Minn. 403, followed.

**Same—Sufficiency.**

An assignment of error, "that the court erred in its instructions to the
jury, to which the defendant excepted," also one "that the court erred in
refusing the instructions requested by the defendant," where there were
several exceptions and requests, are each too general to be available.

**Carrier—Live Stock—Notice of Injury.**

*Held*, following Engesether v. Great Northern R. Co., 65 Minn. 168, that
a provision in a stock-shipping contract which requires the owner of the
stock, as a condition precedent to his right to recover for any loss or injury
to his stock, to give notice in writing of his claim to some officer of the
carrier before the stock is removed from the place of its destination or
delivery, is unreasonable and void, where the carrier has no officer or
agent at such place.

**Verdict—Evidence.**

*Held*, that the verdict in this case is justified by the evidence.

Appeal by defendant from an order of the municipal court of
Duluth, Boyle, J., denying a motion for a new trial. Affirmed.

*C. Wellington* and *J. A. Murphy*, for appellant.
*McGindley & Whitely*, for respondent.

START, C. J. The plaintiff, on August 2, 1894, at Duluth in this
state, delivered to the defendant 10 horses, to be transported to
Minto, N. D., pursuant to a stock-shipping contract, similar to the
contract considered by this court in the case of Engesether v. Great
Northern R. Co., 65 Minn. 168, 68 N. W. 4. This action was brought
to recover damages for injuries to the horses caused by the negli-
gence of the defendant in unreasonably delaying the transportation

[1] Reported in 69 N. W. 720.

of the horses and in the unnecessarily violent handling of the train on which they were carried. Verdict for the plaintiff for the sum of $355. The defendant appealed from an order denying its motion for a new trial.

The defendant, in its original brief, assigned seven errors; but, after the time for serving its brief had passed, and only five days before the day set for the hearing of the case, it made and served a further brief, in which 37 errors were assigned, which the plaintiff refused to receive, and returned. The plaintiff claims that the additional and amended assignments of error must be disregarded, and the appeal decided on the original assignments. The claim is right, and is allowed. An appellant has no right to amend or add to his assignments of error after the time for serving them has passed, except by consent of the respondent or by leave of court. Greene v. Dwyer, 33 Minn. 403, 23 N. W. 546.

The first claim made by the defendant in its brief is that the damages are excessive. We cannot consider the claim, for there is no assignment of error sufficiently specific to raise the question. The motion for a new trial herein was based upon five distinct grounds, one of which was that the damages were excessive; but the assignment of error is, simply, that the court erred in not granting defendant's motion for a new trial. Wilson v. Minnesota F. M. F. I. A., 36 Minn. 112, 30 N. W. 401.

The defendant took 14 exceptions to the charge of the trial court, some of which clearly were without merit, and assigns as error "that the court erred in its instructions to the jury, to which defendant duly excepted." This is not sufficiently specific to permit us to consider any of the alleged errors in the instructions. The defendant also submitted ten separate requests for instruction, some of which were erroneous. The court refused all of them, and the defendant assigns as error "that the court erred in refusing to give the instructions requested by defendant." This is too general. It specifies no particular request which it was error to refuse. In the case of Duncan v. Kohler, 37 Minn. 379, 34 N. W. 594, the test as to the sufficiency of assignments of error was stated in these words:

"An assignment so general and indefinite as not to indicate the specific error asserted would be a mere evasion of the rule; while,

on the other hand, the practice of multiplying assignments by a repetition and unnecessary subdivision is a perversion of the rule, which defeats the very purposes for which it was adopted."

A disregard of this rule is becoming chronic, and we again call attention to it, in the hope that it may be observed, and that assignments will no longer be either so general as to mean nothing, or so multiplied, divided, and refined as to increase, instead of lessening, the labor of the court in ascertaining and passing upon the specific alleged errors actually relied upon.

The defendant requested that certain special questions of fact should be submitted to and answered by the jury. The trial court refused, and such ruling is assigned as error. This was a matter within the discretion of the trial court, and there was no abuse of its discretion.

The trial court denied the defendant's motion for a nonsuit, and also refused its request to instruct the jury to return a verdict for the defendant. These rulings are properly assigned as error, and two general reasons are urged why the trial court erred in respect to them.

1. The first is that the evidence was not sufficient to justify a finding by the jury that the defendant was guilty of any negligence in the premises, but that it required a finding that the plaintiff was guilty of contributory negligence. We have considered the evidence, and find it ample to sustain a finding that the defendant was negligent. The defendant, however, claims that the plaintiff failed to exercise proper care in feeding, watering, and caring for his horses while they were being transported, and that such neglect contributed directly to the sickness and injury of his horses complained of. The verdict is not so manifestly against the weight of the evidence on this point as to justify us in interfering with it, and our conclusion is that the question of the plaintiff's contributory negligence in the premises, as well as that of the defendant's negligence, was, under the evidence, a question of fact, for the jury.

2. The second ground urged why the defendant was entitled to a verdict is that the plaintiff did not offer any competent evidence to show that he gave notice in writing of his claim on account of injuries to his horses to the nearest station agent or some officer of the defendant, before the horses were moved from their place of

destination, and before they were mingled with other stock, as provided by the shipping contract. The defendant's contract with the plaintiff was to transport his horses to Minto, N. D., a point several hundred miles beyond its line of railway, and there is no claim made by the defendant that it there had, at the place of destination or delivery, any agent or officer upon whom service of such notice could be made; hence, the provision of the contract here in question was unreasonable and void. In this respect this case is ruled by that of Engesether v. Great Northern R. Co., 65 Minn. 168, 68 N. W. 4.

Order affirmed.