MULROONEY, RYAN & CLARK COMPANY v. WESTERN TRANSIT COMPANY.[1]

July 26, 1907.

Nos. 15,212—(190).

**Carrier—Notice of Injury to Connecting Carrier.**

A contract for the transportation of certain goods from New York to St. Paul over the lines of different carriers provided that notice of claim for damages for injury to the goods should be given by the consignee within thirty days after the arrival of the same "to the agent at point of delivery." The goods were damaged while in the possession of defendant, the contracting and an intermediate carrier, and it had an agent at St. Paul, the destination of the goods; but its line did not extend to that point. Notice of claim for damages given to the agent of the final or delivering carrier *held*, as to defendant, a sufficient compliance with the terms of the contract.

**Assignments of Error.**

The assignments of error *held* to present no reversible error.

Action in the district court for Hennepin county to recover $1,678.75 damages for injury to three hundred seventy five boxes of lemons. The case was tried before Holt, J., and a jury which returned a verdict in favor of plaintiff for the sum of $1,024.81. From an order

[1] Reported in 112 N. W. 988.

denying a motion for judgment notwithstanding the verdict or for a new trial, defendant appealed.  Affirmed.

*M. H. Boutelle* and *A. M. Higgins,* for appellant.

*George C. Stiles,* for respondent.

BROWN, J.

The facts in this case are as follows:  On June 9, 1906, one Thorn, acting as agent for the plaintiff, a corporation doing business in the city of St. Paul, delivered to the Western Transit Company, defendant, at the city of New York, three hundred seventy five boxes of lemons, the property of plaintiff, to be transported by it to St. Paul and there delivered to plaintiff.  At the time the lemons were delivered to defendant at New York they were in good, sound condition, but when they reached Duluth, the end of defendant's transportation route, were found badly injured and damaged.  Plaintiff brought this action to recover the sum of $1,678.75, the amount of the alleged damage.  Plaintiff had a verdict in the court below, and defendant appealed from an order denying its alternative motion for judgment notwithstanding the verdict or for a new trial.

Two principal questions are raised by the assignments of error and discussed in the briefs of counsel, only one of which requires particular mention.  The first point urged is that the court below erred in construing the contract under which the lemons were transported by defendant from New York to Duluth as one entire contract for their through shipment, and also erred in refusing to charge the jury that defendant was not liable for any injury that occurred while the lemons were in the possession of one of the other connecting carriers.  It is unnecessary to consider whether the court erred in the construction of the contract in this respect, or in refusing to charge the jury as requested; for the evidence is conclusive that the damage to the lemons occurred during the time they were in defendant's possession on the Great Lakes between Buffalo and Duluth.  The bill of lading or contract of shipment discloses that the lemons were delivered to the defendant at New York, and that defendant undertook to transport them to Buffalo over the New York Central & Hudson River Railroad, and from thence by its own line of transportation over the lakes to Duluth.  Plaintiff's evidence shows that the lemons were in good

condition at New York, but badly damaged when they reached Duluth. The evidence of witness Murray, defendant's general foreman at Buffalo, and witness Lynch, another of defendant's employees at Buffalo, disclosed that the lemons were in good condition when taken from the New York Central Railroad and delivered on board defendant's boats. Therefore the injury to the lemons must have occurred while they were in defendant's possession on its steamboats between Buffalo and Duluth, and the refusal of the court to charge that plaintiff could not recover against this defendant if the damage occurred on the New York Central road was, if error at all, error without prejudice. So we pass the assignments of error covering this feature of the case and come directly to the main question involved.

The contract under which the lemons were transported by defendant provided, among other things, as follows:

> No carrier shall be liable for loss or damage not occurring on its own road, or its portion of the through route, nor after said property is ready for delivery to the next carrier or to consignee. * * * Claims for loss or damage must be made in writing to the agent at point of delivery promptly after arrival of the property, and if delayed for more than thirty days after the delivery of the property, or after due time for the delivery thereof, no carrier hereunder shall be liable in any event.

After the lemons had arrived at Duluth they were delivered to the Northern Pacific Railway Company and by that company taken to their destination, St. Paul, and delivered to plaintiff. Within ten days thereafter plaintiff caused to be served upon the local freight agent of the Northern Pacific Company at St. Paul the following notice:

> You are hereby notified that a consignment of lemons, consisting of about 375 boxes, arrived at your station on or about June 19, 1906, over the line of said Northern Pacific Railroad, in N. P. car No. 14,362, in a badly damaged condition, caused by the negligence of the said Northern Pacific Railroad Company and connecting carriers.
>
> As owners of said merchandise, or as representatives of such owners, we hereby make claim and demand upon said Northern

> Pacific Railroad Company, and all interested connecting carriers, for the sum of $1,000 damages by reason of the premises. If, on final disposition of this consignment, the loss shall prove more or less than $1,000, we will so advise you and amend claim accordingly. Please acknowledge receipt hereof, handing us claim number for future reference.

No notice was served upon any agent of defendant, either at St. Paul, the place of the delivery of the lemons, or elsewhere.

It is insisted by defendant that the notice thus given of plaintiff's claim was not in compliance with the terms of the contract above quoted and wholly ineffectual for any purpose. The question is attended with some difficulties; but, after a thorough consideration of the matter we conclude that the notice was a sufficient compliance with the contract.

Defendant had undertaken to transport the lemons from New York to St. Paul, and the bill of lading, evidencing the receipt of the goods and the agreement of affreightment, no doubt operated as a contract between plaintiff and all carriers over whose lines they were transported between the two points. While ordinarily the notice provided for by a contract of this kind would be presumed to have been intended for the benefit of the carrier against whom a claim for damages for injuries to the goods was to be made, the language of this contract leaves it somewhat in doubt upon what agent it should be served. The language is that claims for loss or damage must be made in writing "to the agent at point of delivery." What agent is not stated. Whether the agent of defendant, who made the contract, or the agent of the company actually delivering the goods at their destination, is left to inference. The notice was in fact served upon the agent of the delivering carrier, the Northern Pacific Company, and communicated to that company plaintiff's intention to claim damages from it and all connecting carriers. The contract on its face shows that defendant had an agent at St. Paul; but, if it was the intention that its agent should be served with the notice, it would have been a very simple matter to have so stated in the writing. The contract was prepared by defendant upon printed forms, and is to be construed strictly against it and liberally in favor of plaintiff. Moore, Carriers, 351;

Westcott v. Fargo, 61 N. Y. 542, 19 Am. 300; Bermel v. New York, 172 N. Y. 639, 65 N. E. 1113. All reasonable doubts as to its construction must be resolved against defendant. Baltimore & O. R. Co. v. Doyle, 142 Fed. 669, 74 C. C. A. 245.

In cases of shipments of this sort it often happens that several carriers intervene between the point of shipment and destination, and the most natural inference arising from language like that in this contract, requiring the service of notice "to the agent at point of delivery," is that the parties had in mind the agent of the final or delivering carrier. In many instances it may happen that neither the initial nor any of the intervening carriers has an agent at the place of final delivery; and in such case, if the contract be construed to require notice to the carrier against whom the shipper intends to make claim for damages, or the initial carrier, it would be void if no agency was located at the place of delivery. Engesether v. Great Northern Ry. Co., 65 Minn. 168, 68 N. W. 4; Carpenter v. Eastern Ry. Co. of Minn., 67 Minn. 188, 69 N. W. 720. We are bound to assume that the parties intended to make a valid contract, one which the courts would not be called upon to declare void because incapable of performance, and one which would require the service of the notice whether the claim of damages be finally made against any one or all the carriers. The construction of this contract which sustains the validity of the notice served upon the Northern Pacific Company renders the contract operative and of full validity, requires the notice to be served in all cases, and does no injustice to defendant.

This view is sustained by Wichita v. Koch (Kan.) 55 Am. & Eng. Ry. Cas. 452, where it was held that the officers and agents of the delivering carrier were, for the purposes of the notice, to be deemed the agents of the initial carrier who made the contract, and Atchison v. Grant, 6 Tex. Civ. App. 674, 26 S. W. 286, where it was held that the delivering carrier might, as to the initial carrier, waive the notice, notwithstanding the fact that the initial carrier had an agent, as in the case at bar, at the point of delivery.

Other assignments of error do not require further mention.

Order affirmed.