EDITH V. GARDINER, Appellant, v. NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Respondent.

Railroads — passengers — baggage — construction and effect of statement printed on railroad ticket sold at reduced rate, limiting amount and value of baggage checked thereon — when railroad company not liable for loss of baggage in excess of value stated on ticket.

A clause in a railroad ticket simply releasing a carrier from liability for loss of goods will not include a case of its own negligence unless such exemption is expressly and plainly stated, but a clause in consideration of reduced rates, properly and reasonably limiting the liability of a carrier to a specified valuation of the goods received by it, will include a case of a loss or damage arising from its own negligence without express mention thereof.

Plaintiff's baggage was checked on a special form of ticket which was issued at reduced rates in conformity with the provisions of defendant's tariff filed with the public service commission as required by law. The ticket stated: "Conditions. In consideration of the reduced fare at which this ticket is sold, the purchaser agrees that its use shall be subject to the following conditions: * * * 3. That this company's liability for baggage belonging to each passenger shall not exceed fifty dollars ($50)."

The tariff filed and under which the ticket was issued contained the provision: "Baggage: Wearing apparel only will be checked as baggage on tickets at fares named herein, and for such baggage belonging to one passenger this company will not accept a greater liability than $50.00." *Held*, that in the light of the statutory provisions and general principles relating to the checking of baggage this clause in the ticket is to be construed, on demurrer to an answer which alleged that plaintiff knew and assented to the condition, as one relating to and fixing a valuation on appellant's baggage and limiting respondent's liability thereto in consideration of reduced rates. The shipper thereby assents and agrees to the valuation adopted by the carrier, and this agreement is not rendered less binding because the carrier has fixed the valuation without negotiation and without express tender to the shipper of opportunity to name a different one. (*Tewes* v. *North German Lloyd S. S. Co.*, 186 N. Y. 151, followed; *Bermel* v. *N. Y., N. H. & H. R. R. Co.*, 62 App. Div. 389; affirmed, 172 N. Y. 639, limited.)

*Gardiner* v. *N. Y. C. & H. R. R. R. Co.*, 139 App. Div. 17, affirmed.

(Argued January 4, 1911; decided April 4, 1911.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered June 17, 1910, which affirmed an interlocutory judgment of Special Term overruling a demurrer to a partial defense contained in the answer.

The action was brought to recover several hundred dollars as the alleged value of certain baggage received and checked by defendant for plaintiff and claimed to have been lost through the negligence of the former. The substance of the partial defense which has been demurred to is as follows:

The plaintiff as passenger was riding and her baggage was checked on and under a special form of ticket known as a fifty-trip family ticket which was issued at reduced rates in conformity with the provisions of defendant's tariff filed with the public service commission as provided and required by law. Said ticket contained the following conditions:

"Conditions. In consideration of the reduced fare at which this ticket is sold, the purchaser agrees that its use shall be subject to the following conditions:  *  *  *

"3. That this company's liability for baggage belonging to each passenger shall not exceed fifty dollars ($50)."

That plaintiff knew of and assented to the conditions

contained in said ticket and thus became bound thereby and limited in her claim to said sum of fifty dollars.

The tariff filed and under which said ticket was issued as aforesaid, in addition to a schedule showing the reduced rates at which tickets of that class were sold, contained, amongst others, the following provisions :

" 10. Baggage. (a) Wearing apparel only will be checked as baggage on tickets at fares named herein, and for such baggage belonging to one passenger this company will not accept a greater liability than $50.00. The weight of baggage which will be carried free is explained in the following paragraph :

" 11. Excess Baggage.— Baggage in excess of free allowance will be charged for in accordance with excess baggage rates as shown in Baggage Tariff," etc.

The following question was certified : " Is the second and partial defense set up in the amended answer sufficient. in law upon the face thereof as a partial defense to the cause of action set forth in the complaint ? "

*Joseph Larocque* for appellant. The partial defense contains no denial that the loss occurred through the negligence of the defendant, and it must, therefore, be assumed that the plaintiff's loss was due to the defendant's negligence as set forth in the complaint. (*Outcault* v. *Bonheur*, 120 App. Div. 168; *Sanford* v. *Rhoads*, 39 Misc. Rep. 548.) The third condition can be invoked merely as limiting the carrier's liability as insurer for losses occurring without negligence on its part. It can have no application to the liability of the carrier as bailee for hire for losses occasioned by its negligence. (*Hart* v. *Penn. R. R. Co.*, 112 U. S. 331; *Tewes* v. *N. G. L. S. S. Co.*, 186 N. Y. 151; *Zimmer* v. *N. Y. C. & H. R. R. R. Co.*, 137 N. Y. 460; *Steers* v. *L., N. Y. & P. S. S. Co.*, 57 N. Y. 1; *Belger* v. *Dinsmore*, 51 N. Y. 166; *Greenwald* v. *Barrett*, 199 N. Y. 170; *R. R. Co.* v. *Lockwood*, 17 Wall. 357; *Mynard* v. *S., etc., R. R. Co.*, 71 N. Y. 180; *Nicholas* v. *N. Y. C. & H. R. R. R. Co.*, 89 N. Y. 370; *Holsapple* v. *R., W. & O. R. R. Co.*, 86 N. Y. 275.)

The plaintiff's right to recover full damages is not affected by the provisions of the Public Service Commissions Law. (L. 1907, ch. 429; *Martin* v. *C. R. R. Co.*, 121 App. Div. 552; *Wheeler* v. *O. S. Nav. Co.*, 125 N. Y. 155.)

*William Mann* and *Alexander S. Lyman* for respondent. The contract is not one which attempts to exempt the respondent from liability, but is one in which in consideration of the reduced rate for the transportation of the passenger and her baggage, the passenger agreed that the respondent's liability for her baggage should not exceed fifty dollars. Her recovery for the negligent loss of her baggage is, therefore, limited to the sum specified in the contract. (*Magnin* v. *Dinsmore*, 62 N. Y. 35; *Westcott* v. *Fargo*, 61 N. Y. 542; *Cau* v. *T. & P. Ry. Co.*, 194 U. S. 427; *Hart* v. *Penn. R. R. Co.*, 113 U. S. 331; *Greenwald* v. *Barrett*, 199 N. Y. 170; *Tewes* v. *N. G. L. S. S. Co.*, 186 N. Y. 151; *Wheeler* v. *O. S. Nav. Co.*, 72 Hun, 5; 149 N. Y. 576; *Zimmer* v. *N. Y. C. & H. R. R. R. Co.*, 137 N. Y. 460; *Hohl* v. *Nordeutscher Lloyd*, 175 Fed. Rep. 544; *Arthur* v. *T. & P. Ry. Co.*, 139 Fed. Rep. 127; 204 U. S. 514.) The plaintiff having paid the charge prescribed by defendant's tariffs, duly published and filed with the public service commission of the state of New York, for the transportation of herself and her baggage not exceeding fifty dollars in value, is not entitled to recover more than that sum. (*Greenwald* v. *Weir*, 130 App. Div. 528; *B. & O. R. R. Co.* v. *Ladue*, 128 App. Div. 594; *N. Y. C. & H. R. R. R. Co.* v. *Smith*, 62 Misc. Rep. 526.)

Hiscock, J. Appellant alleges that her baggage checked by respondent under a special form of ticket issued at reduced rates was lost through the carrier's own neglect, and the criticism made of the latter's partial defense setting up a clause in said ticket limiting its liability to a specified amount is that such clause does not expressly excuse the respondent's own negligence as bailee and, therefore, is not a defense in this case where such neglect is relied on.

The question thus raised under the circumstances of this case will be a narrow one. Its determination will be controlled by the interpretation and meaning which we shall give to the limitation clause above quoted and will not involve any uncertain groping for general principles which are to govern its effect after such interpretation has fixed its proper meaning.

Counsel for the appellant is entirely right in his claim that a clause simply releasing a carrier from liability for loss of goods will not include a case, like this, of its own negligence unless such exemption is expressly and plainly stated. He concedes also correctly that a clause in consideration of reduced rates properly and reasonably limiting the liability of a carrier to a specified valuation of the goods received by it will include a case of a loss or damage arising from its own negligence without express mention thereof. There can be no doubt about this proposition since our recent decision in *Tewes* v. *North German Lloyd S. S. Company* (186 N. Y. 151). He contends that the clause here involved is not sufficient within the principle first stated because it does not expressly excuse the respondent's own negligence, and in that contention I agree with him. He then finally reaches the debatable ground of the case and insists that the provision which has been quoted is not sufficient under the principle secondly stated because it is not one of limited or fixed valuation, and, therefore, effective without express enumeration of such negligence. With this contention I do not agree, but think that the clause is to be construed as one relating to and fixing a valuation on appellant's baggage and limiting respondent's liability thereto in consideration of reduced rates. The choice is between an interpretation that this was a mere general clause releasing the carrier from liability without any reference to the character and value of the goods and one that it fixed the amount and value of free baggage which a passenger could check on this ticket and limited the carrier's liability to that amount.

Of course it was not necessary to use the specific word "value" or "valuation" in order to frame a clause of limited

valuation and liability. If the fair meaning and purpose of the clause as understood and intended by the parties was to fix a liability based on a reduced and limited valuation of goods in consideration of reduced rates of fare, we ought to enforce this meaning and carry out this purpose if permissible. In determining what must have been the understanding of the parties concerning the meaning of the clause at the time when appellant checked her baggage under the ticket containing it, it will be well to recall some of the general statutory and other legal rules which surrounded that transaction, and with knowledge of which she must be charged.

She knew that under long-established rules on a ticket at full rates she could compel the respondent to transport at its full value all of the property which she might properly check as baggage. She also must be charged with knowledge of the statute, section 38 of the Public Service Commissions Law (Laws of 1907, chapter 428), which provided, in absence of special contract, "Every common carrier and railroad corporation shall be liable for loss, damage and injury to property carried as baggage up to the full value and regardless of the character thereof, but the value in excess of one hundred and fifty dollars shall be stated upon delivery to the carrier;" and also with knowledge of the provisions of said act (Section 33), "that nothing in this act shall prevent the issuance of mileage * * * or commutation passenger tickets, * * * with special privileges as to the amount of free baggage that may be carried under mileage tickets of one thousand miles or more," and requiring (Section 28) every common carrier to file and give public notice of "schedules showing the rates, fares and charges for the transportation of passengers and property;" also with knowledge of the schedule heretofore quoted filed by respondent with the public service commission, providing, in case of such a ticket as she was using, "Wearing apparel only will be checked as baggage on tickets at fares named herein, and for such baggage belonging to one passenger this company will not accept a greater liability than $50.00."

With these statutes and principles presumably in her mind, and telling her that independent of statute she had a right under an unlimited ticket to enforce upon the respondent a liability for the full value of anything properly constituting baggage, and that under the statute she had a right on proper terms to enforce upon it a liability of full valuation of anything which she might desire to have transported as baggage "regardless of the character thereof," appellant preferred to secure a better rate of transportation and check her baggage under a tariff schedule and ticket which limited her as to the character of baggage and as to the amount for which liability would arise. She must necessarily have understood, as it seems to me, that although she could hold the respondent for the full value of anything she wanted to check as baggage, she was consenting to a restriction of the character and on the value of what she might check; that when the tariff schedule explained that "wearing apparel only will be checked as baggage * * * and *for* such baggage this company will not accept a greater liability than $50.00," and her ticket said the company's "liability *for* baggage shall not exceed $50.00," it meant that the company would not be liable for *the value* of baggage beyond the sum mentioned and thereby the value was fixed at that amount as a limit of liability. I do not see how the clause reasonably could be given any other relation, meaning or effect. The clause certainly was not one imposing a penalty of fifty dollars on the carrier for misconduct and nobody I think will claim that it fixed an amount of liquidated damages which could be recovered in a case of loss of the baggage independent of its value. The appellant would not be allowed to recover even this fifty dollars by simply showing that she had checked and lost her baggage, but she would be compelled to prove that it was worth at least fifty dollars. Conversely, when she attempts to establish that her lost baggage was worth more than fifty dollars, the respondent, as I think, is entitled to invoke the benefit of this clause and say, "You shall not recover for a valuation in excess of fifty dollars because we have limited our liability to that amount of value."

Probably no one will ever point to this clause as a model in form, yet it is not far different in effect from the one interpreted in the *Tewes* case. There the clause which was held to be one of limited valuation and liability provided, " Nor shall this company be liable for any loss or damage or any box, package or thing for over fifty dollars unless the true and just value thereof is herein stated." The first portion of the clause is for all practical purposes identical with the one now under review. All that can be claimed to aid in making a valuation clause which does not exist in this case is the last portion of the provision that the limited liability should prevail " unless the true and just value thereof is herein stated." But under the circumstances adverted to that sentence hardly differentiates that case from this. The defendant there secured a limited liability unless, as expressly stated in the ticket itself, the shipper gave a valuation of a larger amount. The respondent here secured a limited liability unless the appellant desired an enlarged liability for the full valuation of the goods, and which the law and respondent's tariff schedules told her how to secure. In either case the meaning and effect of the limited liability clause was the same. It limited the valuation of the goods which the shipper might prove against the carrier, unless the former elected on proper terms to secure a liability for a full or larger valuation. In one case the ticket itself suggested the right to fix a greater valuation. In the other the statute and rules, presumably present in the mind of the shipper, suggested and guaranteed the same right.

It seems to be argued as a secondary and, perhaps, subordinate proposition that even should the clause which we have discussed be interpreted as one of valuation instead of mere release from liability, it is defective and, therefore, ineffective because the carrier arbitrarily fixed the valuation and did not specifically tender to the passenger the opportunity to name a different one. I do not think that this contention can be sustained if it is relied on.

I do not understand it to be argued, nor can it well be in

my opinion, that the amount fixed by the carrier was unreasonable or unjust as matter of law.   No attempt was made to impose some illegal condition on the right of the passenger to fix a greater value, but the rights which she had in this direction and already referred to were left unimpaired.   In these respects the case differs from those cited by the appellant of *The Kensington* (183 U. S. 263); *Eells* v. *St. Louis, K. & W. Ry. Co.* (52 Fed. Rep. 903); *Schwarzchild* v. *Nat. S. S. Co.* (74 Fed. Rep. 257).

It is admitted also that the appellant knew of and fully understood the clause.

Under such circumstances it is established by authorities which should be controlling with us that the shipper assents and agrees to the valuation adopted by the carrier, and that this agreement is not rendered less binding because the carrier has fixed the valuation without negotiation and without express tender to the shipper of opportunity to name a different one.

As I have already suggested it was unnecessary for the respondent to point out to the appellant that she could compel it to carry her baggage at a different valuation and without limitation of liability.   The statutes and rules of law outside of the statute notified her of that right and secured it to her.   She could not at the same time cling to an unlimited liability and to a reduced rate of transportation, and under her contract she exercised her option and enjoyed all of her rights by letting go of the former and holding on to the latter with its defined consequences as to baggage.   (*Zimmer* v. *N. Y. C. & H. R. R. R. Co.*, 137 N. Y. 460; *Hart* v. *Penn. R. R. Co.*, 112 U. S. 331; *Cau* v. *Texas & Pac. Ry. Co.*, 194 U. S. 427; *Arthur* v. *Texas & Pac. Ry. Co.*, 204 U. S. 505, 514; *Hohl* v. *Norddeutscher Lloyd*, 175 Fed. Rep. 544.)

The learned counsel for the appellant has with much pains and industry collected and discussed many cases which he insists sustain his view of the clause under discussion.   It will not be possible within reasonable limits to review these cases in detail, but, as I think, all of those in the appellate

courts of this state may be plainly distinguished from the present one or else have already been limited in their application. Several of them are of the same class as *Mynard* v. *Syracuse, B. & N. Y. R. R. Co.* (71 N. Y. 180) where the court discussed what was plainly a general release from all liability and not a limitation on the amount thereof. Others, like *Rosenthal* v. *Weir* (54 App. Div. 275) and *Rathbone* v. *N. Y. C. & H. R. R. R. Co.* (140 N. Y. 48) were disposed of on peculiar features not prevailing in this case. The case of *Bermel* v. *N. Y., N. H. & H. R. R. Co.* (62 App. Div. 389; affirmed, 172 N. Y. 639) must be regarded either as decided on the special features of that case or else as limited in its application to a case like the present one by our decision in the *Tewes* case. Not one of these cases, unless it be the *Bermel* case, holds that a clause like the present one limiting rather than wholly releasing from liability may not be regarded in effect as one of valuation and, therefore, effective even against the carrier's negligence.

The order should be affirmed, with costs, and the question certified to us answered in the affirmative.

VANN, J. (dissenting) : The defendant, a common carrier, admits that the plaintiff was its passenger and that it undertook to safely transport herself as well as her baggage, worth the sum of $1,359, to the place of destination and that such baggage was lost through its own negligence. It pleads, however, that it is not liable for the loss of the baggage to an amount exceeding fifty dollars, because the ticket sold by it to the plaintiff contained the " condition," founded on a reduced fare, that " this company's liability for baggage belonging to each passenger shall not exceed fifty dollars." Assuming that this condition limits the liability of the defendant as an *insurer* for a loss occurring through want of care on its part, the question presented for decision is whether it also limits its liability as *bailee* for a loss arising from its own negligence.

In a recent case, following others that preceded it, we held that " contracts intended to limit the liability of a common

carrier are to be construed strictly against the carrier.  A common carrier has two distinct liabilities; one for losses by accident or mistake, where he is liable as an insurer, the other for losses by default or negligence, where he is answerable as an ordinary bailee.   Provisions in a bill of lading issued by a railroad company, intended to limit its liability for loss or damage to the goods carried, will, unless otherwise expressly stipulated, be construed to relate to the carrier's common-law liability as an insurer and not to his liability as a bailee for hire."   (*Bermel* v. *N. Y., N. H. & H. R. R. Co.*, 62 App. Div. 389; 172 N. Y. 639.)

In *Wheeler* v. *Oceanic Steam Navigation Co.* (125 N. Y. 155, 161) Judge FINCH, after reviewing certain cases, wrote for all the judges as follows: " These cases show that the liability for negligence as bailee survives even when by special contract the carrier has thrown off his liability as such; and the courts of this state have exhibited a very decided purpose to retain and enforce that liability wherever it is possible. Even that may be thrown off by force of a special agreement, but we have refused to permit any general words to accomplish such result, and have insisted that where the carrier seeks to contract against the consequences of his own negligence, he must say so openly and plainly so as not to be in the slightest degree misunderstood.   *   *   *   (*Nicholas* v. *N. Y. C. & H. R. R. R. Co.*, 89 N. Y. 372)."

The defendant claims to have thrown off its liability as bailee by virtue of the " condition " above quoted, which it regards as a special agreement of valuation.   I cannot assent to this position under the rule of strict construction against the carrier, which, unless many precedents are to be disregarded, must be applied in this case.   There is nothing in the stipulation that suggests valuation to my mind.   Neither the word " value " nor " valuation," nor any equivalent word or expression, appears in the " condition," which is simply an arbitrary and flat limitation of liability to the sum of fifty dollars, not as a valuation but as a limitation, pure and simple. The opportunity, afforded in many of the reported cases, to

declare a higher value and pay at a higher rate was not given to the plaintiff. Such a provision shows an intention to value at the sum named, by offering as an alternative the chance to value at a higher rate, if the shipper so elects. There was no express valuation, and a valuation by implication is not stated "in unequivocal terms" or "so that it cannot be misunderstood" as the cases require. (*Mynard* v. *Syracuse, B. & N. Y. R. R. Co.*, 71 N. Y. 180; *Nicholas* v. *N. Y. C. & H. R. R. R. Co.*, 89 N. Y. 370; *Canfield* v. *Balt. & O. R. R. Co.*, 93 N. Y. 532.)

As was said in *Kenney* v. *N. Y. C. & H. R. R. R. Co.* (125 N. Y. 422, 425): "Our decision, however, is placed upon the ground that this contract does not in unmistakable language provide for an exemption from liability for the negligence of the defendant's employees. The rule is firmly established in this state that a common carrier may contract for immunity for its negligence, or that of its agents; but that, to accomplish that object, the contract must be so expressed, and it must not be left to a presumption from the language. Considerations based upon public policy and the nature of the carrier's undertaking influence the application of the rule, and forbid its operation, except where the carrier's immunity from the consequences of negligence is read in the agreement *ipsissimis verbis.*"

The plaintiff did not agree directly or indirectly that her baggage should be valued at the amount named or at any amount. There was no mutual valuation and no reference was made to a loss by negligence. Instead of saying "openly and plainly" that her baggage was "valued at," or was received "at a valuation of," or something that would call her attention to the subject, nothing whatever was said to even suggest that a valuation was intended. Unless we reverse our well-established rule of strict construction against the carrier and lay down its opposite of strict construction against the passenger or shipper, this judgment cannot logically be sustained.

The claim that the *Bermel* case, decided in 1902, was over-

ruled by a later case decided in 1906, has slender support when the facts of the two cases and the opinions written therein are compared. (*Tewes* v. *North German Lloyd Steamship Co.*, 186 N. Y. 151.) In the latter case there was a limitation of liability " beyond the amount of fifty dollars," but this was directly followed by the significant provision, " unless the value of the same in excess of that sum be declared at or before the issue of this contract, or at or before the delivery of said luggage to the ship, and freight at current rates for every kind of property is paid thereon." (p. 152.)

I find no case in this court, nor any well-considered case in any court, holding that there was a valuation agreement, unless there was either a stipulation making a valuation in express terms, or a reservation in favor of the shipper of the right to value himself and pay accordingly.

I vote to reverse and to answer the question certified in the negative.

WERNER, CHASE and COLLIN, JJ., concur with HISCOCK, J.; CULLEN, Ch. J., and WILLARD BARTLETT, J., concur with VANN, J.

Order affirmed.