# ST. LOUIS AND SOUTHEASTERN RAILWAY CO.

## *v.*

# WILLIAM DORMAN.

1. COMMON CARRIERS—*liability for delivery of live stock.* The common law liability of a common carrier to deliver live animals is not different from that where the delivery of merchandise or other matter is concerned. Cars of sufficient strength for such purpose should always be provided, and the want of them is negligence, for which the carrier will be responsible in case of any loss occasioned thereby.

2. PRACTICE—*when jury fail to return special verdict as requested.* Where the jury are instructed to return an answer directly to certain questions of fact in the case, and fail to do so, but return a general verdict, the proper course is, to move the court to send the jury back to respond to the questions,

and if this is not done, and the general verdict is just and right, the judgment will not be reversed in this court.

APPEAL from the Circuit Court of Hamilton county; the Hon. TAZEWELL B. TANNER, Judge, presiding.

Mr. J. M. HAMILL, for the appellant.

Mr. WILLIAM HAMILL, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action on the case, in the Hamilton circuit court, brought by William Dorman, against the St. Louis and Southeastern Railway Company, to recover damages for the loss of a horse which the plaintiff had placed on a car of defendants, of their own selection, to be transported from McLeansboro to Shawneetown. There was a verdict and judgment for plaintiff for two hundred dollars, to reverse which defendants appeal, and make the points, that the verdict was against the evidence and against the law, and in overruling the motion for a new trial. There is a further point made, that defendants requested the jury to respond to certain questions put by defendants, by way of special verdict, and in not requiring the jury so to respond.

So far as the verdict is concerned, on the facts, we think the testimony fully sustains it, and no objection is made to any of the instructions.

The defendants, in their fifth instruction, requested the jury to answer directly to certain questions of fact in the cause, and distinctly put, which they did not do, but returned a general verdict, to which the defendants, at the time, took no other exception than that which is involved in every case in the motion for a new trial.

The proper course for the defendants to have pursued would have been, to move the court to send the jury back to respond to each question. They did not do this, but rested content with the general verdict as rendered.

The verdict is just and right, on the evidence. The common law liability of a carrier to deliver live animals is not different from that where the delivery of merchandise or other dead matter is concerned. Cars of sufficient strength for such purpose should always be provided, and the want of them is negligence.

This horse was lost to the owner for want of safe and adequate means of conveyance, of which defendants had the entire control, and they ought to answer in damages.

Seeing no error in the record, the judgment is affirmed.

*Judgment affirmed.*