The Chicago and Alton Railroad Company

*v.*

William H. Davis.

*Filed at Ottawa November 25, 1895.*

1. APPEALS AND ERRORS—*amount involved in appeal to Appellate Court controls jurisdiction.* An amount in excess of $1000, involved on an appeal to the Appellate Court, will sustain an appeal to the Supreme Court, notwithstanding a *remittitur* in the Appellate Court reducing the judgment below that amount.

2. CARRIERS—*liable for failure to furnish suitable refrigerator cars.* Negligence in failing to provide a safe and suitable refrigerator car in which to transport hams renders the carrier liable to the owner thereof, although the car was inspected by a packing company from whom he bought the hams, if the inspection was made by that company as agent of the carrier and not of the consignee.

3. SAME—*effect of provision limiting carrier's liability.* A clause in a bill of lading limiting liability "for decay of perishable articles, or injury by heat or frost," does not relieve the carrier from liability

for its negligence in furnishing a defective refrigerator car for the transportation of hams.

4. SAME—*shipper must assent to clause limiting carrier's liability.* Provisions in a bill of lading restricting a carrier's liability do not bind the shipper unless he accepted the bill of lading and understood and assented to such provisions.*

*Chicago and Alton Railroad Co.* v. *Davis*, 54 Ill. App. 130, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding.

LEE & HAY, for appellant:

Appellant's common law liability as an insurer was waived. *Field* v. *Railroad Co.* 71 Ill. 459; *Witting* v. *Railway Co.* 101 Mo. 631.

Where the shipper himself undertakes a part of the duties which would otherwise devolve upon the carrier, or has negligently performed his undertaking with respect to the carriage, and loss results, the blame rests upon the shipper, and not upon the carrier. Lawson on Carriers, sec. 23; Hutchinson on Carriers, (Mechem's ed.) sec. 216; *Baldwin* v. *Railway Co.* L. R. 9 Q. B. Div. 582; *Ross* v. *Railroad Co.* 49 Vt. 364; *Betts* v. *Farmers' L. Co.* 21 Wis. 80; *Miltimore* v. *Railroad Co.* 37 id. 190; *Harris* v. *Railroad Co.* 20 N. Y. 232; *Richardson* v. *Railway Co.* L. R. 7 C. P. 74; *Lee* v. *Railroad Co.* 72 N. C. 236. As where, without the carrier's knowledge, the owners of a horse, in loading, left the car window open, through which the horse escaped and was killed. (*Hutchinson* v. *Railroad Co.* 37 Minn. 524.) And where the owner chose to have car door left unfastened, and, assuming the responsibility, loss resulted. (*Roderick* v. *Railroad Co.* 7 W. Va. 54.) And where the car door was left open and the carrier was not notified. *Newby* v. *Railroad Co.* 19 Mo. App. 391.

---

*A note on the right to limit amount of liability of a carrier in cases of negligence is found with *Ballou* v. *Earle*, (R. I.) 14 L. R. A. 433.

It is sufficient to charge the shipper that he himself was negligent. Lawson on Carriers, sec. 3, pp. 5, 6; *Railroad Co.* v. *Whittle,* 27 Ga. 535 ; *Baldwin* v. *Railroad Co.* L. R. 9 Q. B. Div. 582 ; *White* v. *Winnisimmet Co.* 7 Cush. 155 ; *Kimball* v. *Railroad Co.* 26 Vt. 247; *Railway Co.* v. *Murray,* 72 Ill. 128.

The rule of law is, that a party cannot recover if his own negligence was as much the cause of the loss as that of the defendant. *Railroad Co.* v. *Van Dresar,* 22 Wis. 511; *Hutchinson* v. *Railroad Co.* 37 Minn. 524; *Brend* v. *Dale,* 8 C. & P. 207.

If the immediate cause of the loss was the act of the owner, as between the parties absolute justice demands that the loss should fall upon him. *Hart* v. *Railroad Co.* 69 Iowa, 485.

Carriers are not liable for any loss or damage caused by the manner of packing or loading, the responsibility of which the owner has assumed. *Shriver* v. *Railroad Co.* 24 Minn. 506; *Klauber* v. *Express Co.* 21 Wis. 21; *Rixford* v. *Smith,* 52 N. H. 355.

If freight which a shipper loads and secures on board by his own experts turns out to have been insufficiently done the carrier cannot be held liable. *Miltimore* v. *Railroad Co.* 37 Wis. 190; *Ross* v. *Railroad Co.* 49 Vt. 364.

A common carrier who runs a refrigerator car is not, in the absence of an express contract to carry by the refrigerator car, liable for damages to an article carried by it, occasioned by heat during transit. *Wetzell* v. *Railroad Co.* 12 Mo. App. 599.

Eastman & Schumacher, for appellee:

The bill of lading introduced in evidence was a valid contract between the railroad company and the consignee, but could not relieve the company from any claim for damages on account of negligence on its part. Public policy has settled this law in all of the United States.

Hutchinson on Carriers, (Mechem's ed.) sec. 263; 2 Am. & Eng. Ency. of Law, p. 822; p. 825, note 4; p. 827, note 3.

In this State the restrictions and limitations of a bill of lading are held binding on the shipper if assent thereto is shown. Knowledge of the restrictions in the bill of lading is not brought home to us. *Transportation Co.* v. *Joesting,* 89 Ill. 152.

Nor is the law as to perishable freight any different in regard to the burden of proof. Exemptions arising from the perishable nature of the goods must be shown by the carrier. *Railroad Co.* v. *Hamilton,* 76 Ill. 393 ; *Read* v. *Railroad Co.* 60 Mo. 199 ; *Railroad Co.* v. *Harmon,* 12 Ill. App. 54; Hutchinson on Carriers, (Mechem's ed.) secs. 125, 765 ; 3 Am. & Eng. Ency. of Law, 16 *g.*

It is sufficient to show that an act or omission of the carrier accelerated, contributed or operated to produce the loss. *Sherman* v. *Steamship Co.* 26 Hun, 107; *Davis* v. *Railroad Co.* 89 Mo. 340; *Read* v. *Railroad Co.* 60 id. 199.

If appellant's common law liability was waived, yet its liability for damages arising from negligence was not, and could not be, waived. *Railroad Co.* v. *Joute,* 13 Ill. App. 424; *Railroad Co.* v. *Morrison,* 19 Ill. 136 ; *McFadden* v. *Railway Co.* 92 Mo. 343 ; *Oppenheimer* v. *Express Co.* 69 Ill. 62 ; 2 Am. & Eng. Ency. of Law, 822; p. 825, note 4; p. 827, note 3 ; Hutchinson on Carriers, (Mechem's ed.) sec. 290 *a.*

The carrier must furnish safe and suitable vehicles. 3 Am. & Eng. Ency. of Law, 16 *a;* Hutchinson on Carriers, (Mechem's ed.) secs. 292, 293 ; *Railway Co.* v. *Dorman,* 72 Ill. 504; *Railway Co.* v. *Strain,* 81 id. 504.

The carrier must furnish refrigerator cars, if the goods are of such a nature as to require it. *Transportation Co.* v. *Cornforth,* 3 Col. 280 ; Hutchinson on Carriers, secs. 295 *a,* 295 *b.*

The carrier is liable even though the cars are seen by the shipper and known by him to be defective. *Potts* v. *Railway Co.* 17 Mo. App. 395; *Mason* v. *Railway Co.* 25 id. 473 ; *Sloan* v. *Railroad Co.* 58 Mo. 220.

Mr. Justice Carter delivered the opinion of the court:

This was an action on the case, brought by appellee, against appellant, to recover damages for the negligence. of the latter in transporting a car-load of green hams from Kansas City to Cincinnati, whereby they were injured. The amount claimed in the declaration was $1500. The cause was tried by the court without a jury, and a judgment was rendered for the plaintiff for $1051.46. The defendant took its appeal to the Appellate Court, where it was held that as to certain items, amounting to $272.78, the judgment was erroneous, the damages as assessed being to that amount in excess of the damages actually sustained by the plaintiff, and the plaintiff having remitted such excess, the judgment was affirmed as to the balance, $778.68. The defendant then took this appeal from said judgment of affirmance.

Appellee has entered his motion here to dismiss the appeal on the ground that the amount involved is less than $1000, and that this court is without jurisdiction to entertain the appeal. The motion having been reserved to the final hearing, it will now be first disposed of. The question arising on this motion was directly involved in *Gilmore* v. *Courtney*, 158 Ill. 432. We there held that, the amount involved on the appeal to the Appellate Court being in excess of $1000, an appeal lay to this court notwithstanding the *remittitur* in the Appellate Court, whereby the judgment was reduced below that amount. This motion must be controlled by that decision, and it is therefore overruled.

The principal act of negligence complained of, and which, on this appeal, must be taken as proved, was that the refrigerator car furnished by appellant in which to transport the hams was defective by reason of having a strip torn from the inside door, whereby warm air from the outside was admitted, melting the ice and heating the hams, so that they were in part spoiled *en route*. The

order for the hams was sent by appellee from Cincinnati to Dunham, Norris & Co., brokers at Kansas City, and called for a car-load of green hams of the Armour Packing Company's hams.   Dunham, Norris & Co. placed the order with the Armour Packing Company.   Appellant furnished the refrigerator car and undertook to transport and deliver the hams.   The evidence showed that by the course of business between the packing company and appellant, appellant inspected its own cars in all respects except as to their sufficiency as refrigerator cars.   As to the latter feature the inspection was by the Armour Packing Company.   The defect in the car was not apparent from the outside, but would readily be discovered on inspection.   It was the duty of the carrier to provide a good and sufficient vehicle in which to carry the hams, (*St. Louis and Southeastern Railway Co.* v. *Dorman*, 72 Ill. 504; *Indianapolis, Bloomington and Western Railway Co.* v. *Strain*, 81 id. 504 ; 3 Am. & Eng. Ency. of Law, 16 *a*,) and this it undertook to do.   It could employ such agents to inspect its cars as it saw fit, and if, by special contract or by its course of business between itself and the packing company, it relied on the latter to inspect the refrigerating qualities of its cars, that was a matter between itself and the packing company, and did not concern appellee.   The mere fact that appellee purchased the hams from the packing company did not relieve the appellant from its duty to provide a safe and suitable car in which to transport the hams.

The rule that in making the contract for transportation the consignor acts as the agent of the consignee, would not apply in this case to the question under discussion, for the evidence tended to show, and it must be taken in this court as established, that in the selection and inspection of the car the packing company acted as the agent of appellant, and not of appellee; and as the loss occurred by reason of a defect in the car, and not from any defective or improper manner of loading the car

or of packing the hams therein, the negligence complained of cannot be ascribed to appellee or his agents, so that the case is presented of the injury having occurred by reason of the negligence of appellant in not providing a safe and suitable car in which to transport the hams.

To the ordinary mind liability would seem to follow as a matter of course. But it is claimed that appellant limited its liability by the bill of lading, which provided that the carrier should not be liable "for decay of perishable articles, or injury by heat or frost." This provision in the bill of lading did not purport to provide against the liability of the carrier which would arise from its own negligence in furnishing a defective vehicle for carriage. The refrigerator car was specially intended to safely transport articles which were, in their nature, perishable from heat. Appellant undertook to furnish such a car suitable for the transportation of such articles, and it could not, in reason, be contended that this provision was intended to relieve appellant from its duty to do the very thing which it was otherwise bound to do, and without which the property would, as it well knew, be destroyed in transit and the whole purpose of the transportation be defeated. Besides, conceding that common carriers may, by contract, limit their common law liability, as we have held in many cases, (see *Chicago and Northwestern Railway Co.* v. *Chapman,* 133 Ill. 96, where these cases are reviewed,) still, unless the shipper accepted the bill of lading and understood and assented to the provisions restricting the carrier's liability, he would not be bound by such restrictive provisions. And whether or not he understood and assented to such restrictive provisions in the bill of lading is a question of fact, and is conclusively found against appellant by the judgment of the Appellate Court. *Chicago and Northwestern Railway Co.* v. *Montfort,* 60 Ill. 175, and cases there cited; *Merchants' Despatch Trans. Co.* v. *Joesting,* 89 id. 152 ; *Erie and Western Trans. Co.* v. *Dater,* 91 id. 195.

What has been said sufficiently disposes of the questions raised by counsel respecting the propositions of law held, refused or modified by the trial court.

Finding no error in the record the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*