## G. B. POPE and Another v. WISCONSIN CENTRAL RAILWAY COMPANY.[1]

August 5, 1910.

Nos. 16,697—(220).

**Contract to furnish railway cars — consideration — assignment of error.**
Action to recover damages for breach of an alleged contract whereby the defendant agreed to furnish cars at a specified time for the shipment of the plaintiffs' sheep over its line. Verdict for plaintiffs. *Held:*

1. Such a contract need not be in writing. A request by the plaintiffs that the defendant furnish the cars for the shipment of the sheep over its line carried with it by implication an understanding on their part so to use the cars if the request be complied with, and furnishes a sufficient consideration for the defendant's promise to furnish the cars.

2. The question whether the parties made the alleged contract was, under the evidence, a question of fact. Hence the court did not err in denying the defendant's motion for an instructed verdict, nor in denying its motion for judgment notwithstanding the verdict.

[1]Reported in 127 N. W. 436.

---

[Note] Duty of railroad company to furnish cars to shippers, see note in 43 L.R.A. 225.

3. An assignment of error that the court erred in admitting testimony over the objection of appellant, and in excluding testimony offered by it, and one that the court erred in its charge to the jury, are too general to be of any avail. An assignment that the court erred in denying appellant's motion for a directed verdict is good.

Action in the district court for Hennepin county to recover $1,675 damages for defendant's failure to furnish cars for the transportation of sheep according to the terms of its contract. The facts are stated in the opinion. The case was tried before Booth, J., and a jury which returned a verdict in favor of plaintiffs for $1,550. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, it appealed. Affirmed.

*John L. Erdall, L. K. Eaton,* and *A. H. Bright,* for appellant.
*Stiles, Devaney & Hewitt,* for respondents.

START, C. J.

The plaintiffs brought this action in the district court of the county of Hennepin to recover damages sustained by them on account of the breach of an alleged contract of the parties whereby the defendant agreed to furnish cars for the transportation of 2,750 sheep from the Twin City Stockyards to Chicago. The complaint alleged, in effect, that on September 18, 1907, the plaintiffs were in possession of 3,679 fat sheep at the stockyards, and requested the defendant to furnish a suitable number of stock cars to ship the sheep the next day over the railway line of the defendant; that the defendant agreed so to do, but negligently failed to furnish any cars, except four, in which 929 of the sheep were shipped, leaving 2,750 thereof at the stockyards; that the plaintiffs were unable to ship the sheep until four days thereafter, when the plaintiffs succeeded in getting the cars for such shipment from another carrier; and, further, that in the meantime the sheep fell off in weight, and their market value materially declined, to the plaintiffs' damage in the sum of $1,675, which would not have been sustained, except for the defendant's breach of the contract.

The answer put in issue these allegations of the complaint, and specifically denied the making of the alleged contract.

112 M.—8.

On the trial the plaintiffs based their right to recover upon the alleged express contract. This issue was the pivotal question, and the trial court instructed the jury that, unless they found from the evidence that the defendant made the contract, they must return a verdict for the defendant. The jury returned a verdict for the plaintiffs in the sum of $1,550, and thereby, under the charge of the court, necessarily found that the defendant made the alleged contract.

The defendant appealed from an order of the trial court denying its motion for judgment or a new trial, and assigns the following errors:

"1. The court erred in denying appellant's motion to dismiss at the conclusion of plaintiffs' case.

"2. The court erred in denying appellant's motion for a directed verdict at the close of all the testimony.

"3. The court erred in admitting testimony over appellant's objection, and in excluding testimony offered by the defendant.

"4. The court erred in its charge to the jury.

"5. The court erred in denying appellant's motion for judgment notwithstanding the verdict or for a new trial."

The plaintiffs make the point that the assignments of error are not sufficient to raise any question for the consideration of this court. This is true of assignments 3 and 4, for neither indicates the specific error intended to be asserted. There were several rulings on the admission of evidence, and several separate and distinct propositions in the charge of the court; hence we do not consider any alleged errors as to the admission or rejection of evidence, or in the charge of the court. Carpenter v. Eastern Ry. Co. of Minn., 67 Minn. 188, 69 N. W. 720.

Assignment 2 is sufficient to raise the question whether the trial court erred in denying defendant's motion for a directed verdict in its favor. A motion for an instructed verdict is simply a request for a particular instruction. A review of a ruling granting or refusing an instructed verdict ordinarily involves a consideration of the pleadings and evidence. An assignment that the court erred in denying the motion for a directed verdict, or one that the court erred in granting a motion to dismiss the action, or one granting a motion for a new trial, is sufficient, for from the very nature of such alleged

errors it is impracticable to be more specific.   American Express Co.
v. Piatt, 51 Minn. 568, 53 N. W. 877; Ermentrout v. American
Fire Ins. Co., 60 Minn. 418, 62 N. W. 543; Wilcox v. Mutual Fire
Ins. Co., 81 Minn. 478, 84 N. W. 334; Ecker v. Isaacs. 98 Minn.
146, 107 N. W. 1053.   The only question, then, for our decision, is
whether the trial court erred in refusing the defendant's motion
for a directed verdict.   If it did, then judgment notwithstanding
the verdict would follow, unless the case comes within the rule of
Cruikshank v. St. Paul F. & M. Ins. Co., 75 Minn. 266, 77 N. W.
958.

The defendant claims that there was no evidence of the alleged
contract to furnish the cars, nor of duty to furnish them.   It is imma-
terial as to the defendant's common-law duty in the premises; for
if there was no evidence tending to support a finding by the jury
that the express contract was made substantially as alleged, the court
erred in refusing defendant's motion for an instructed verdict.

There was evidence tending to show that the agent of the plain-
tiffs in charge of the sheep, McManners, went to the local agent of
the Twin City Yards, Espenatt, for the purpose of making ar-
rangements for the transportation of the sheep over the defendant's
line to Chicago; that the plaintiff's agent and the local agent, pur-
porting to act for and on behalf of the defendant, entered into the
alleged contract whereby the sheep were to be shipped to Chicago over
the defendant's line, and that sufficient cars for that purpose were to
be furnished on the night of September 19; that the defendant fur-
nished four cars for such purpose; and, that Espenatt had authority
to make such contract on behalf of the defendant, although there was
no evidence of express authority, nor was the contract in writing.
The evidence in some material particulars is conflicting; but the cred-
ibility of the witnesses and the weight to be given to their testimony
were questions for the jury.

The defendant further claims that the contract relied upon by the
plaintiffs as the basis of this action, being an oral one, is within the
purview of Laws 1907, c. 23 (R. L. Supp. 1909, §§ 2023—1 to 2023
—13), known as the "reciprocal demurrage law," and is therefore
void, because the request for the cars was not in writing.   The act

referred to has no application to voluntary contracts between carriers and shippers, for its purpose is to provide the methods whereby the shipper may secure from a railway carrier cars for the transportation of his freight within the time limited by the act, or subject it to the penalties there provided. Where the shipper seeks to avail himself of the remedies provided by the act, he must make his demand for cars in writing. The plaintiffs in this case did not proceed under the act; hence it is not relevant to this case.

The defendant also urges that the contract is within the statute of frauds (R. L. 1905, § 3484), which provides that every contract for the sale of any goods, chattels, or things in action, for the price of $50 or more, shall be void, unless a note or memorandum thereof is made and signed by the party to be charged therewith. The claim is without merit. The subject-matter of the contract was not goods, nor chattels, nor things in action, nor for the sale of anything.

The further claim is made that the contract was lacking in mutuality and was without consideration, for the reason that there was no promise by the plaintiffs' agent to ship the sheep over the defendant's line, or to pay for their transportation. There was no evidence of an express promise to this effect; but there was evidence to the effect that the plaintiffs' agent went to the office of the local agent, and said to him: "I have got twenty cars of sheep and a car of cattle to go over the Wisconsin Central road. When are you going to give me cars?" That the local agent inquired: "When do you want to go out?" That the answer was: "I want to go out to-night." And the local agent replied: "All right." The sheep were then in the stockyards ready to be shipped as soon as the cars were furnished. While there was no express promise to ship the sheep, in the cars to be furnished, over defendant's line, yet the request for the cars for the purpose of so shipping the sheep carried with it by implication a promise so to use the cars and pay the freight if the request was complied with. Clark v. Ulster, 189 N. Y. 93, 81 N. E. 766, 13 L.R.A.(N.S.) 164, 121 Am. St. 848. The reason for this conclusion is well stated in the case cited, in these words:

"The request that the car be furnished carried with it, by impli-

cation of law, an agreement to make use of it if the request was complied with, and a correlative promise to pay to the defendant in the event of nonuser whatever loss it might thereby incur. This obligation is just as clear as would be that of a person who went into a restaurant and ordered a dinner for a party of friends to pay for the meal furnished in accordance with his order, even though he produced no guests to partake of his hospitality."

We hold that there was a sufficient consideration for the contract to furnish the cars, and that it was not void because not in writing, and, further, that whether the parties entered into the contract was, under the evidence, one of fact and not of law. Therefore the court did not err in denying the defendant's motion for an instructed verdict in its favor.

Order affirmed.