# W. H. FERRELL & COMPANY v. GREAT NORTHERN RAILWAY COMPANY.[1]

### June 2, 1911.

### Nos. 17,053—(99).

**Carrier — complaint sufficient.**

In an action for damages for failure of defendant carrier to furnish a certain number of cars for the shipment of goods, as it promised and agreed to do at the specified time and place, where defendant demurred because the complaint failed to allege a written demand for cars, in compliance with Laws 1907, p. 25, c. 23, *held:* The complaint set up a common-law contract, independent of any statute, and the demurrer was properly overruled. [Reporter.]

Action in the district court for Mille Lacs county to recover $46,525 damages, upon twenty-three causes of action, for defendant's alleged failures to furnish sufficient cars for the shipment of potatoes. From an order, Taylor, J., overruling defendant's demurrer to the complaint, on the ground it failed to state facts sufficient to constitute a cause of action against defendant, it appealed. Affirmed.

*J. D. Sullivan*, for appellant.

*Stiles & Devaney* and *E. L. McMillan*, for respondent.

[1] Reported in 131 N. W. 1135.

PER CURIAM.

The plaintiff by its complaint shows: An order given the defendant company for cars in which to ship certain commodities. A specific promise and agreement of the defendant to furnish a certain number of cars at the specified time and place. A failure on the part of the defendant to furnish the cars, and resulting damages. The defendant, by its demurrer, challenges the sufficiency of the complaint, because it does not show a written demand for cars in compliance with chapter 23, p. 25, Laws 1907, the so-called "Reciprocal Demurrage Law." The complaint sets up a common-law contract to furnish cars, and therefore states a cause of action, independent of any statutory obligations imposed by the act referred to. This case, as made by the complaint, is not distinguishable from, and is ruled by, the decided case of Pope v. Wisconsin Central Ry. Co., 112 Minn. 112, 127 N. W. 436. The order overruling the demurrer was properly made. and is affirmed.