## PETER L. ZETTERBERG and Another v. GREAT NORTHERN RAILWAY COMPANY.[1]

May 24, 1912.

Nos. 17,496—(90).

**Carrier — failure to furnish cars to shipper.**

Failure of the plaintiff, in an action for damages against a railroad company for failure to furnish cars, to allege an express contract for such cars, does not bring the case. within the operation of Laws 1907, c. 23, known as the "reciprocal demurrage law," and a recovery may be had, as at common law, without alleging any written demand for the cars.

[1] Reported in 136 N. W. 295.

[Note] Duty of carrier to furnish cars, independently of contract, see note in 8 L.R.A.(N.S.) 108.

Exclusiveness of statutory remedy for failure to furnish cars, see note in 26 L.R.A.(N.S.) 851.

Reciprocal demurrage law.

This law does not diminish the common-law rights of shippers, but gives them additional statutory rights when its provisions have been complied with.

Action in the district court for Kanabec county to recover $1,962 for negligent failure and refusal of defendant to furnish cars for shipment of potatoes. From an order, Stolberg, J., overruling defendant's demurrer to the complaint, it appealed. Affirmed.

*J. D. Sullivan,* for appellant.

*T. P. McNamara,* for respondents.

PHILIP E. BROWN, J.

Appeal by the defendant from an order overruling its demurrer to the complaint.

The complaint states the following facts: During the years 1909 and 1910, the plaintiffs were engaged in the business of buying potatoes at Mora, in this state, and shipping the same therefrom over the defendant's line of railway. In the fall of 1909 and the spring of 1910, the plaintiffs had large quantities of potatoes ready for shipment over the defendant's road, and to that end, at different times during the said period, ordered cars from the defendant for such purpose. The plaintiffs were, at such times, ready to use the cars so ordered for such purpose, which the defendant knew, and the plaintiffs tendered the potatoes to the defendant for shipment. The complaint further alleges that the defendant negligently failed and refused to furnish any cars within a reasonable time after they were so ordered, and that because of such neglect and refusal the plaintiffs suffered damage in a stated amount.

The complaint alleges no contract or agreement on the part of the defendant to furnish the cars, nor is any cause of action stated therein under the provisions of the so-called "reciprocal demurrage law," Laws 1907, p. 25, c. 23 [R. L. Supp. 1909, §§ 2023—1 to 2023—13]; but is grounded on the theory that the defendant, by neglecting to furnish the cars as alleged, failed in its common-law duty as a common carrier, and is consequently liable to the plaintiffs

for the resulting damages. No claim is made by the defendant, leaving out of account the said demurrage law, that the complaint does not allege facts sufficient to constitute a cause of action for the breach of the defendant's common-law duty to furnish cars within a reasonable time after demand, and for consequential damages; and it is clear that, if such claim were made, it could not be sustained. Richey & Gilbert Co. v. Northern Pacific Ry. Co. 110 Minn. 347, 125 N. W. 897. However, the point now made was not determined in the Richey case.

The defendant urges as the sole ground of its demurrer that, in the absence of an allegation of the existence of an express contract between the parties for the furnishing of cars at some time certain, the provisions of the demurrage act apply, and that, in order for the complaint to state a cause of action, the plaintiffs should have pleaded a written demand for the cars in compliance with section 1 of said act. We cannot so hold.

In Pope v. Wisconsin Central Ry. Co. 112 Minn. 112, 115, 127 N. W. 436, 437, where a recovery was sought by a shipper against a carrier on the ground that a specific oral contract had been made and violated, for the furnishing of cars at a particular time, the contention above stated was made and overruled; the court saying, by Chief Justice Start: "The defendant further claims that the contract relied upon by the plaintiffs as the basis of this action, being an oral one, is within the purview of Laws 1907, c. 23 (R. L. Supp. 1909, §§ 2023—1 to 2023—13), known as the 'reciprocal demurrage law,' and is therefore void, because the request for the cars was not in writing. The act referred to has no application to voluntary contracts between carriers and shippers, for its purpose is to provide the methods whereby the shipper may secure from a railway carrier cars for the transportation of his freight within the time limited by the act, or subject it to the penalties there provided. Where the shipper seeks to avail himself of the remedies provided by the act, he must make his demand for cars in writing. The plaintiffs in this case did not proceed under the act; hence it is not relevant to this case."

117 M.—32.

See also W. H. Ferrell & Co. v. Great Northern Ry. Co. 114 Minn. 531, 131 N. W. 1135.

The defendant attempts to distinguish these cases from the instant one on the ground that in both of them a common-law contract to furnish cars was involved, and urges, further, that it was the purpose of the demurrage act, in providing that applications for cars should be in writing, to prevent perjury; and, while conceding that such act does not attempt to deprive the shipper of any right of action which he would have had at common law in the absence of the act, the defendant urges that its fair construction requires a holding that where contractual relations do not exist the shipper, to avail himself of the said right of action, must, in order to eliminate controversy as to what his demand for cars actually was and the time when he required them to be furnished, serve on the carrier a written demand, in accordance with section 1 of the said chapter 23.

We think that the cases cannot be thus distinguished on principle. The same opportunity for the commission of prejury and the same uncertainty as to when the cars should be furnished exist in both cases, the matter resting in parol in each, and it is not apparent why it should be inferred by construction that the legislature intended to make a written demand for cars essential in any case where a recovery is not sought under the act. This aside, section 10 of the act provides:

"The payment by said railroad company of demurrage provided in this act, shall in no way invalidate or offset any claim any shipper or consignee may have or make for damages occasioned by delay on the part of such railroad company, or other cause, but shall be a further remedy and in addition to any already existing."

The right to invoke the common-law remedy to recover damages for the unreasonable failure of a carrier to furnish cars, without a written demand therefor, in the absence of contractual relations, is a valuable one, and it cannot be assumed that the legislature intended to abrogate it unless such intention is clearly expressed. We hold that the common-law rights of shippers have been in no manner decreased by the reciprocal demurrage law. Its effect is to create

additional statutory rights when its provisions have been complied with.

Order affirmed.