# RELIANCE ELEVATOR COMPANY v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.[1]

December 21, 1917.

No. 20,569.

**Carrier — construction of tariff.**

1. Defendant has a line of railway which extends from Linton, North Dakota, through Strasburg, North Dakota, to Minneapolis, Minnesota. Its published tariff filed with the Interstate Commerce Commission names 17 cents per hundred pounds as the rate for carrying wheat from Strasburg to Minneapolis, and 16 cents per hundred pounds as the rate for carrying wheat from Linton, the next more distant station, to Minneapolis.   The tariff also povides: "Between stations on the C. M. & St. P. Ry. rates to and from intermediate stations will be the same as shown to or from the next more distant station to or from which rates are named."   *Held* that this provision applies only to shipping points to or from which a specific rate is not named and which are intermediate between stations to or from which a specific rate is named, and does not apply to Strasburg; and that the legal rate for shipments from Strasburg is the specific rate named therefor.

**Same — change in tariff rates.**

2. The rates for interstate shipments named in a tariff published and

[1]Reported in 165 N. W. 867.

filed as provided by the interstate commerce law are valid and binding until changed in the manner provided in that law.

**Commerce — unreasonable or illegal freight rates — jurisdiction.**

3. Original jurisdiction to determine whether such rates are unreasonable, or discriminatory, or infringe the law in some other respect, has been withdrawn from the courts and vested in the Interstate Commerce Commission.

**Same — action to recover overcharges — jurisdiction.**

4. If the validity of the published rate is not questioned, the state court has jurisdiction of an action to recover the amount of an alleged overcharge.

**Dismissal of action — wrong reason for right action.**

5. Plaintiff, without questioning the validity of the published rate, sought to recover an alleged overcharge, but, as the stipulated facts show that it paid the legal rate and no more, the action was properly dismissed, although the court erroneously based the dismissal upon the ground that it had no jurisdiction.

Action in the district court for Hennepin county to recover $493.51, overcharge on 69 carloads of wheat, shipped from Strasburg, North Dakota, to Minneapolis. The answer was a general denial. The case was tried before Steele, J., who at the close of the evidence granted defendant's motion to dismiss the case on the ground that the court was without jurisdiction of the subject matter. From an order denying its motion for a new trial, plaintiff appealed. Affirmed.

*Thomas Kneeland,* for appellant.

*F. W. Root, N. J. Wilcox, J. N. Davis* and *Burton Hanson,* for respondent.

TAYLOR, C.

Plaintiff shipped 69 carloads of wheat over defendant's railway from Strasburg, North Dakota, to Minneapolis, Minnesota, and defendant exacted and collected 17 cents per hundred pounds for transporting it. Plaintiff contends that the lawful rate for such transportation fixed and prescribed by the tariff or schedule of rates published by defendant and filed with the Interstate Commerce Commission is 16 cents per hundred pounds, and brought this suit to recover the alleged overcharge. At the trial a small amount of testimony was taken, and then the parties made a written stipulation of facts and submitted the case

thereon. The stipulation states that the questions to be determined by the court are:

"(A) Has the court jurisdiction of the subject matter?

"(B) Has the defendant, the Chicago, Milwaukee and St. Paul Railway Company, charged the lawful rate, according to the tariff and the law, on the shipments of the plaintiff here involved?"

The stipulation further provides that, if the court shall decide that it has jurisdiction of the subject matter and that defendant has charged in excess of the lawful rate, judgment shall be rendered in favor of plaintiff for the amount demanded in the complaint; but, if either of these questions be decided adversely to plaintiff, an appropriate judgment shall be rendered for defendant. At the close of the evidence, the trial court dismissed the action on the ground that it had no jurisdiction of the subject matter. Plaintiff made a motion for a new trial and appealed from an order denying the motion.

The conclusion at which we have arrived can perhaps be stated more briefly by taking up the second question first. Defendant has a line of railway which extends from Minneapolis in the state of Minnesota to Roscoe in the state of South Dakota and thence westward to the Pacific coast, and has a branch line which extends from Roscoe in the state of South Dakota to Linton in the state of North Dakota. The stations upon this branch line to and from which rates are named in defendant's published tariff, stated in their order from Roscoe are: Hosmer, Hillsview, Eureka, Greenway, Zeeland, Hague, Strasburg and Linton. The published tariff states that the rate for carrying wheat from Linton, the terminus of the branch line, to Minneapolis is 16 cents per hundred pounds, and that the rate for carrying wheat from Strasburg, and from each of the other stations above named, to Minneapolis is 17 cents per hundred pounds. At the argument defendant explained that Linton was given the lower rate to meet the competition of another railway at that point. The ground for this discrimination is not important in the present case, for plaintiff expressly disclaims any attack upon the validity of the rates named in the tariff, and rests its case' upon the proposition that the tariff as published and filed entitled it to the rate of 16 cents per hundred pounds for the shipments in ques-

tion. It bases this contention upon the following provision of the published tariff:

"Between stations on the C. M. & St. P. Ry. rates to and from intermediate stations will be the same as shown to or from the next more distant station to or from which rates are named."

Linton is the next more distant station beyond Strasburg from which a rate to Minneapolis is named; and plaintiff insists that Strasburg is an intermediate station within the meaning of the above provision, and that under that provision the rate from Linton is also the rate from Strasburg.

It is true that Strasburg is located between Minneapolis and Linton and in that sense is an intermediate station, and it may be conceded that, if the tariff names two different rates for hauling wheat from Strasburg to Minneapolis, the shipper is entitled to the cheaper rate. Tariffs for interstate shipments while prepared and published by the railway company are filed with the Interstate Commerce Commission, and are subject to the supervisory power of that commission; and a tariff published and filed as required by law and recognized by that commission as in proper form, should not be construed as prescribing two inconsistent rates for the same service, if by another obvious and equally reasonable construction the two provisions can be harmonized and both be given reasonable and proper effect. Defendant insists that the purpose of the above paragraph is to provide a rate for shipments to or from sidings, loading places and new stations which are not named in the tariff and are located between stations to or from which a specific rate is named; that if a shipment is made for which a specific rate is named that rate must be charged, but, if a shipment is made for which no specific rate is named, the rate to be charged is to be determined in the manner pointed out in this provision.

We agree with defendant that the intermediate stations referred to and provided for in this provision are those shipping points to or from which the tariff fails to name a specific rate and which are intermediate between stations to or from which a specific rate is named; that, if a shipment is made for which a specific rate is named, such specific rate must be charged; that if a shipment is made for which a specific rate is not named, then this provision steps in and designates the rate, "to

or from the next more distant station to or from which rates are named," as the rate to be charged. New shipping points are constantly being established, and, in the absence of some such general provision, shipments to or from such points could not be accepted until the rates therefor had been published and filed as required by law. Texas & Pac. Ry. Co. v. American Tie & Timber Co. 234 U. S. 138, 34 Sup. Ct. 885, 58 L. ed. 1255. The Federal Circuit Court of Appeals for this circuit has recently considered this same provision of this same tariff and held that it applied only to intermediate shipping points between the stations specifically named in the tariff. National Ele. Co. v. Chicago, M. & St. P. Ry. Co. 246 Fed. 588. We are satisfied that the above is the proper construction to be given to this provision, but, even if we were not so satisfied, we should feel constrained to follow the decision of the Federal court, for the reason that the question involved is essentially a Federal question. This construction also accords with the rules and regulations of the Interstate Commerce Commission. It follows that defendant charged and collected the legal tariff rate for the shipments in question.

Defendant contended in the trial court and also contends in this court that the interstate commerce law gave the Interstate Commerce Commission exclusive jurisdiction over the questions in controversy; and that the courts, or at least the state courts, have no jurisdiction of the subject matter of the action.

It is thoroughly settled that the rates for interstate shipments named in the tariffs published and filed as required by the interstate commerce law, are the legal rates for such shipments, and cannot be deviated from by either shipper or carrier until changed in the manner prescribed in that law; and that a shipper who seeks to attack such published rates upon the ground that they are unreasonable, or discriminatory, or infringe the law in some other respect, must make his complaint to the Interstate Commerce Commission before he can resort to the courts, for the reason that original jurisdiction over such questions has been withdrawn from the courts and vested in the commerce commission. Texas & Pac. Ry. Co. v. Abilene Oil Co. 204 U. S. 426, 27 Sup. Ct. 350, 51 L. ed. 553, 9 Ann. Cas. 1075; Robinson v. Baltimore & O. R. Co. 222 U. S. 506, 32 Sup. Ct. 1141, 56 L. ed. 288; Mitchell Coal

& Coke Co. v. Pennsylvania R. Co. 230 U. S. 247, 33 Sup. Ct. 916, 57 L. ed. 1472; Texas & Pac. Ry. Co. v. American Tie & Timber Co. 234 U. S. 138, 34 Sup. Ct. 885, 58 L. ed. 1255; Loomis v. Lehigh Valley R. Co. 240 U. S. 43, 36 Sup. Ct. 228, 60 L. ed. 517; Baltimore & O. R. Co. v. Pitcairn Coal Co. 215 U. S. 481, 30 Sup. Ct. 164, 54 L. ed. 292; Morrisdale Coal Co. v. Pennsylvania R. Co. 230 U. S. 304, 33 Sup. Ct. 938, 57 L. ed. 1494.

But where the validity of the published rate is conceded and the shipper merely seeks to recover an excess which he alleges that the carrier has exacted and collected over and above such published rate, section 22 of the interstate commerce law saves to him the right to bring his action therefor in the state court. Pennsylvania R. Co. v. Sonman S. C. Co. 242 U. S. 120, 37 Sup. Ct. 46, 61 L. ed. 188; Pennsylvania R. Co. v. Puritan Coal Min. Co. 237 U. S. 121, 35 Sup. Ct. 384, 59 L. ed. 867; Eastern Ry. Co. v. Littlefield, 237 U. S. 140, 35 Sup. Ct. 489, 59 L. ed. 878; Illinois Cent. R. Co. v. Mulberry Hill Coal Co. 238 U. S. 275, 35 Sup. Ct. 760, 59 L. ed. 1306; Mitchell Coal & Coke Co. v. Pennsylvania R. Co. 230 U. S. 247, 33 Sup. Ct. 916, 57 L. ed. 1472; Gimbel Bros. v. Barrett (D. C.) 215 Fed. 1004; Hite v. Central R. of New Jersey, 171 Fed. 370, 96 C. C. A. 326; Wolverine Brass Works v. Southern Pac. Co. 187 Mich. 393, 153 N. W. 778; Western & Atlantic R. Co. v. White Provision Co. 142 Ga. 246, 82 S. E. 644; Kansas City Southern Ry. Co. v. Tonn, 102 Ark. 20, 143 S. W. 577.

In the present case the pleadings raised no question as to the validity of the rate fixed by the tariff, and the only issue presented for trial was whether defendant had collected an amount in excess of the prescribed rate. In National Ele. Co. v. Chicago, M. & St. P. Ry. Co. supra, the court held that the Federal court had jurisdiction to determine that question, and we are of opinion that the state court also has jurisdiction to determine it.

The trial court dismissed the action without prejudice. Neither party is in position to complain of this disposition of the case, as plaintiff has failed to establish a cause of action, and defendant has taken no appeal. The order denying a new trial is affirmed.