GIBBON FARMERS ELEVATOR COMPANY v. MINNEAPOLIS & ST. LOUIS RAILROAD COMPANY.[1]

February 14, 1919.

No. 21,148.

**Carrier — cost of lumber for coopering cars — recovery by shipper.**

> Where a railroad company fails to provide the lumber for cooperage of cars, furnished by it for intrastate shipments of grain, which under a duly published tariff rule it has agreed to provide, and the shipper, with the approval of the company's local agent, procures the necessary lumber, he may recover the reasonable value thereof from the company. Our statute does not require the submission of such a claim in the first instance to the Railroad and Warehouse Commission for adjustment. And the claim being for the very amount which the railroad company would have had to disburse had it or its agent observed the tariff rule mentioned, the recovery will not effect a discrimination or tend to destroy uniformity of rates.

Action in the district court for Sibley county to recover $81.06 for cooperage lumber. The answer was a general denial. The case was tried before Tifft, J., who made findings and ordered judgment in favor of

[1]Reported in 170 N. W. 706.

plaintiff. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

*Donald Evans, W. C. Odell* and *M. M. Joyce,* for appellant.

*Young & Quandt,* for respondent.

HOLT, J.

Plaintiff buys and ships grain from Gibbon, Minnesota, and defendant, a common carrier, operates a railway through that place to Minneapolis, Minnesota. Between August, 1916, and June, 1917, plaintiff requested defendant to furnish it with freight cars suitable for the shipment of grain from Gibbon to other points in the state, and defendant furnished the cars as requested with the exception that 20 of the cars were not provided with grain doors, and no lumber was furnished by defendant with which plaintiff could cooper the cars so as to hold the grain. Plaintiff thereupon procured the necessary lumber for cooperage in the market. Thereafter a claim therefor was presented to defendant, and, upon refusal to pay, this action was brought, and a recovery had. Defendant appeals.

Plaintiff predicates a right of recovery in part upon this rule in defendant's published tariff regulations approved by the State Railroad and Warehouse Commission: "Boards for Doors for Coopering of Cars: —Suitable boards will be furnished at all loading stations for use in coopering cars, and in the event that the supply at any station should run short the local agent is authorized to purchase the necessary lumber until such times as his supply of boards is replenished." The testimony also shows that when the cars were ordered and furnished, the local agent, not having a supply of lumber, ventured the opinion, in response to an inquiry, that if plaintiff would procure the needed lumber for cooperage defendant would pay the cost thereof. No question is raised as to the necessity of coopering or the reasonableness of the claim. All the assignments of error center upon the proposition that to allow a recovery in this instance would be an indirect evasion of the established rates and a discrimination in favor of this shipper.

Under the rule quoted defendant assumed the obligation to supply the lumber needed for coopering, and authorized its local agent to purchase the same in case the supply furnished became exhausted. Under the

testimony it might well be found that the local agent delegated plaintiff to procure the lumber, and, there being no controversy as to the need of it or as to the price paid, it meets with no difficulty to hold that the local agent had the implied power to bind the defendant. But were it otherwise, when defendant neglected to perform an obligation owing to and of right demandable by plaintiff, the latter could perform the same and recover his reasonable cost for so doing. This would not be a discrimination affecting rates in plaintiff's favor; but to deny relief would be a discrimination against him and in favor of the shippers as to whom the rule above quoted was observed. It is said that plaintiff had his remedy by suit for damages for failure to furnish cars properly equipped, citing Zetterberg v. Great Northern Ry. Co. 117 Minn. 495, 136 N. W. 295. But we think plaintiff has also the remedy here pursued.

In Loomis v. Lehigh Valley R. Co. 208 N. Y. 312, 101 N. E. 907, it was stated that when a carrier has furnished cars not fit for the intended service, but which can be made so by a trifling expenditure, it is but reasonable that the shipper should be permitted, for the advantage of both, to perform the initial duty of the carrier and charge it with the fair expense. "Any other course would entail upon both unnecessary hardship and loss. The carrier could be mulcted in damages out of all proportion to its slight infraction of duty, and the shipper subjected to losses, under his contract with others, not within the scope of the carrier's agreement, and thus irremediable." A recovery was allowed for the cost of the grain doors the shipper provided upon the cars of intrastate shipments, but disallowed as to cars of interstate shipments, the court holding that it had no jurisdiction to entertain controversies relating to equipment of cars engaged in such shipments. The case was affirmed on writ of error in 240 U. S. 43, 36 Sup. Ct. 228, 60 L. ed. 517. Defendant relies on this decision of the Federal Supreme Court. In our opinion its effect is not against a recovery here. The sole point in that case, in the Federal court, was the jurisdicton of the state courts to pass upon the carrier's liability incident to interstate traffic.

The Act to Regulate Commerce, passed by Congress, confined rates and regulations to the Interstate Commerce Commission and the Federal courts. The Commission had ruled, prior to the institution of the Loomis

suit that: "A carrier may not lawfully reimburse shippers for the expense incurred in attaching grain doors to box cars unless expressly so provided in its tariff." In the instant case the applicable tariff rule contemplates a furnishing by the carrier. It furthermore authorizes the local agent to purchase the lumber, under the conditions here arising. Instead of so doing he approved of plaintiff's procuring the same. This, we think, created a liability, somewhat in line with the principle applied in Manthey v. Schueler, 126 Minn. 87, 147 N. W. 824, Ann. Cas. 1915D, 241. We have no statutory requirement that redress must be sought first from our Railroad and Warehouse Commission upon a claim of this nature, the amount of which is not questioned as being exactly that which the defendant would have had to pay had it furnished the lumber or had the local agent purchased the same as its tariff rule provides. Our conclusion is that the court ruled correctly and the recovery should stand.

The judgment is affirmed.