WILLISTON COAL & ICE COMPANY, a Corporation, Respondent, v. JAMES COX DAVIS, Agent of the President under the Transportation Act of 1920, Appellant.

(190 N. W. 776.)

**Carriers — duty at common law to properly cooper cars.**

1. The common-law duty is imposed upon a carrier to furnish cars reasonably coopered for the purposes intended in an intrastate shipment.

**Carriers — complaint for failure to cooper cars held to allege cause of action.**

2. A complaint, alleging failure to so cooper cars and the furnishing of such cooperage by a shipper in intrastate shipments of lignite coal to his damage, alleges a cause of action.

**Railroads — carrier's common-law duty to cooper cars suspended by Federal control.**

3. It is a matter of defense for the carrier to show that such cooperage concerns interstate rates or Federal regulations, of such an administrative character, and so subject to Federal administration, during a period of Federal control, as to suspend the common-law duty imposed.

Opinion filed November 2, 1922.

Carriers, 10 C. J. § 71 p. 76 n. 3; § 88 p. 85 n. 14.  Railroads, 33 Cyc. p. 45 n. 36.

Action in District Court, Williams County, *Moellring, J.*
The defendant has appealed from an order overruling a demurrer. Affirmed.

*Murphy & Toner,* for appellant.
*Fisk & Taylor,* for respondent.

## Statement.

BRONSON, J.  The defendant has appealed from an order overruling a demurrer to the complaint.

In substance the complaint alleges: The plaintiff is a corporation engaged in the mining and disposition of lignite coal near Williston in this state.  Between January 25th, 1919, and March 1st, 1920, the plaintiff shipped 308 carloads of lignite coal over the great Northern Railroad, a carrier then under Federal control, from Williston to various points in this state.  Prior to such shipments the plaintiff requested

the carrier to furnish necessary, proper, and sufficient cooperage for the cars. The carrier refused so to do unless paid therefor at the rate of about $4 per car. In order for plaintiff to load and make shipment of such carloads of coal - it became necessary to pay the carrier the amount so demanded for such cooperage or to furnish the cooperage, which the plaintiff did at a cost of $711.48. Between such dates the carrier furnished free cooperage of cars to other mine owners who similarly shipped lignite coal, at prices the same as charged by the plaintiff. Thereby the carrier gave a preference to such other persons and exacted a greater compensation for cooperage contrary to the provisions of article 21, chap. 14, N. D. Comp. Laws, 1913. By reason thereof, the plaintiff sustained actual damages in the sum of $711.48.

The demurrer asserts that the court has no jurisdiction of the carrier nor of the subject of the action; that the complaint does not state facts sufficient to constitute a cause of action.

Both in the trial court and in this court, the parties have submitted the issues upon written briefs and without oral arguments.

The defendant carrier contends: *First*,—that this action seeks to recover a statutory penalty and cannot be maintained because Congress never gave its consent that the United States or the Director General be sued; *second*,—that the question whether plaintiff has been subjected to discrimination is primarily an administrative question requiring precedent action by the railroad commissioners; *third*,—that rates, both interstate and intrastate, during the Federal control, were initiated and made effective by the President so as to render ineffective the statutes upon which plaintiff bases his cause of action and that jurisdiction was vested in the interstate commerce commission to award reparation for discrimination.

## Decision.

Whether the court has jurisdiction over the person and subject of the action is answered by determining whether the complaint states a cause of action.

It is elemental, upon demurrer, that a complaint will be liberally construed and will not be overthrown if it states any cause of action. Weber v. Lewis, 19 N. D. 473, 34 L.R.A.(N.S.) 364, 126 N. W. 105; 31 Cyc. 101, 289, 290; 21 R. C. L. 508.

At the common law a duty was imposed upon carriers to furnish cars reasonably well coopered for the purposes intended. Loomis v. Lehigh Valley R. Co. 208 N. Y. 312, 101 N. E. 907; Cincinnati, N. O. & T. P. R. Co. v. N. K. Fairbanks & Co., 33 C. C. A. 611, 615, 62 U. S. App. 231, 90 Fed. 467; Chicago & A. R. Co. v. Davis, 159 Ill. 53, 50 Am. St. Rep. 143, 42 N. E. 382; Gibbon Farmers Elevator Co. v. Minneapolis & St. L. R. Co. 142 Minn. 57, 170 N. W. 706. This common-law duty is recognized in this state, analogously, by a statute requiring carriers who furnish cars to grain shippers to properly cooper the same or permit the shipper to furnish the cooperage and recover the expense in a civil action. Laws 1913, chap. 234; Comp. Laws 1913, § 4707.

Clearly, the complaint alleges a breach of such common-law duty, and a cause of action for its violation. Loomis v. Lehigh Valley R. Co. and Gibbon Farmers Elevator Co. v. Minneapolis & St. L. R. Co. supra. The time covered in the complaint constitutes a period of Federal control of the carrier anterior to the adoption of the Transportation Act of March 1st, 1920. The demurrer admits the failure of the carrier to perform its common-law duty. To constitute a cause of action, as stated, it was unnecessary for the plaintiff to plead, by negation, any ultimate facts that might serve to suspend the operation of such common-law rule through Federal administration, or control. 21 R. C. L. 485. If this court should take judicial notice of Federal acts and orders, it does not follow that this question of cooperage of cars, in intrastate business, concerns either interstate rates or Federal regulations, or forms a part of any administrative question or order. It is a matter of defense for the carrier to show, through pleading and proof, that the enforcement of this common-law duty and remedy presents an administrative question concerning interstate rates or Federal regulations and control, subject to the jurisdiction, either exclusive or preliminary, of the interstate commerce commission or other administrative agency. See Baird Bros. v. Minneapolis & St. L. R. Co. 181 Iowa, 1104, 165 N. W. 416; Dreyfuss v. Pennsylvania R. Co. 90 Misc. 581, 153 N. Y. Supp. 971; Great Northern R. Co. v. Merchants Elevator Co. 147 Minn. 251, 180 N. W. 105; id. 259 U. S. 285, 66 L. ed. 943, 42 Sup. Ct. Rep. 477 (May 29th, 1922); Midway Co-op. Elevator Co. v. Great Northern R. Co. 41 N. D. 16, 169 N. W. 494; 10 C. J. 502. To give

any effect to such matters of defense through judicial notice would operate practically to make the demurrer a speaking demurrer. 31 Cyc. 322. Accordingly, the order overruling the demurrer is affirmed with costs.

BIRDZELL, Ch. J., and CHRISTIANSON, ROBINSON, and GRACE, JJ., concur.